Karra J. Porter, 5223
Scott T. Evans, 6218
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah  84111
Telephone: (801) 323-5000
Karra.Porter@chrisjen.com
Scott.Evans@chrisjen.com
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FEDERAL ELECTION COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY JOHNSON,<br><br>Defendant. | **ANSWER TO COMPLAINT**<br><br><br><br>Civil No. 2:15-cv-00439-DB<br><br>District Judge Dee Benson |

Defendant, by and through counsel, hereby answers the Plaintiff's complaint as follows:

**FIRST DEFENSE**

Most or all of the Federal Election Commission's complaint is based upon illegally obtained and inadmissible evidence.  Further, this information was provided to the FEC by an agency of the United States, the United States Attorney's Office for the District of Utah, that was operating under a conflict of interest.

**SECOND DEFENSE**

Material portions of the Federal Election Commission's complaint are based upon information provided to the government by Mr. Johnson in connection with a criminal investigation, which information was provided under promises of immunity and confidentiality.

### THIRD DEFENSE

The prosecution of this case is inequitable and a violation of due process because records with which Mr. Johnson could defend himself, including emails, have been destroyed by the appointed receiver in another case, *FTC v. Johnson*. The FEC, as part of the United States, is bound by the conduct and spoliation of evidence by or on behalf of other agencies of the United States, including the Federal Trade Commission and the United States Attorney's Office.

### FOURTH DEFENSE

The prosecution of this case is inequitable and a violation of due process because Mr. Johnson is unable to access funds with which to meaningfully defend himself due to the 5-year-old *FTC v. Johnson* litigation, in which Mr. Johnson's assets have been frozen, seized, and disposed of by or on behalf of another agency of the United States.

### FIFTH DEFENSE

Upon information and belief, the Federal Election Commission has reviewed privileged communications between Mr. Johnson and counsel for Mr. Johnson (either in his personal or representative capacity), in which event it should be disqualified from prosecuting this case.

### SIXTH DEFENSE

Mr. Johnson is being selectively prosecuted in this lawsuit for improper purposes.

### SEVENTH DEFENSE

The Federal Elections Commissions' claims are barred by the statute of limitations, 28 U.S.C. § 2462.

**EIGHTH DEFENSE**

With respect to the specific paragraphs of the Federal Election Commission's complaint, Defendant hereby admits, denies, or denies for lack of personal knowledge, such paragraphs as follows:

1-4.     Denies.

5.     Admits that the action seeks civil penalties, a declaratory judgment, a permanent injunction, and other relief, but denies that such relief is appropriate or authorized by the Federal Election Campaign Act.

6.     Admits that this Court has jurisdiction over the suit under 28 U.S.C. § 1345.

7.     Admits that venue is proper in this Court.

8.     Denies that FEC has "exclusive jurisdiction" over the administration, interpretation, and civil enforcement of FECA; the arbiter of interpretation and civil enforcement of FECA is actually this Court and such appellate courts as may review the case, and the administration of this procedure is actually governed by the Federal Rules of Civil Procedure and the Court's local rules. Admits that the Commission has certain authority under the cited statutes, which speak for themselves and are limited to their terms.

9.     Admits the first sentence. Denies the reference to "owned or effectively controlled" in the second sentence as undefined and inaccurate, and affirmatively alleges that, at all times since December 21, 2010, Triple 7, IWorks, and other companies with which Mr. Johnson was associated have been wholly controlled by the Federal Trade Commission and the receiver appointed at the FTC's request in *FTC v. Johnson*.

10. This paragraph asserts a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies paragraph 10 as inaccurately or incompletely paraphrasing the cited statutes.

11. This paragraph asserts a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that, in part, the Act contains the words (partially) quoted, but asserts that the statute speaks for itself and is limited to its terms.

12. This paragraph asserts a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that the Act authorizes a United States District Court to order a defendant who has violated 52 U.S.C. § 30116(a) to pay a civil penalty, and in the amount cited, but asserts that the statute speaks for itself and is limited to its terms.

13. This paragraph asserts a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the first sentence as worded. The statute speaks for itself and is limited to its terms. Admits the allegation as to the extent of a civil penalty if authorized.

14. This paragraph asserts a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits.

15. This paragraph asserts a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that the Act includes the words quoted, but denies that a court may grant a permanent or temporary injunction or restraining order against "any defendant who has violated the Act."

16-17. Denies.

18. With respect to paragraph 18, Defendant is uncertain as to the meaning of "the time relevant to this case," given that the Federal Election Commission has elected not to specify dates of Mr. Johnson's alleged actions. Defendant admits that, during parts of 2009 and 2010, his business interests included companies that processed financial transactions for online-poker companies, and denies the remaining allegations.

19. Admits that in 2009, Mr. Johnson met with John Swallow, who was at the time Utah's Chief Deputy Attorney General and a fundraiser for the Shurtleff campaign. Denies the second sentence.

20-25. Denies.

26. Admits.

27-33. Denies.

34. Admits that, in 2010, Mr. Johnson met with Harry Reid and Ray Bitar and discussed certain online poker issues with them. Mr. Johnson denies that any funds transmitted to Harry Reid related to Mr. Reid's campaign, and that Mr. Johnson was the source of any such funds. Admits that, upon information and belief, Full Tilt Poker became a defendant in the cited New York case, but lacks personal knowledge as to the allegations or proceedings in that case. Denies the remaining allegations.

35. Defendant is uncertain as to what "time" the FEC deems "relevant to this case," due to the lack of date specificity in the complaint. Admits that, during parts of 2010, Mr. Johnson was a principal in an internet marketing company named IWorks. Denies the second sentence for lack of knowledge. Denies the third sentence. Admits the fourth sentence. Admits that Johnson was indicted in June 2011 in United States District Court for the District of Utah.

Denies that such indictment (and superseding indictments) were "as a result of IWorks' allegedly unlawful business practices," except to the extent that the criminal indictment resulted from a request for prosecution, and incomplete information provided, by the Federal Trade Commission to coerce Johnson into a settlement or afford a strategic advantage in the *FTC v. Johnson* case.

36-45.  Denies.

46.  Denies for lack of knowledge.

47.  Admits.

48.  Denies for lack of knowledge.

49.  Denies that the FEC "conduct[ed] an investigation," and affirmatively alleges that the FEC was unlawfully provided with immunized information by the United States Attorney's Office for the District of Utah.  Admits that the Commission's Office of the General Counsel sent Mr. Johnson a letter dated March 11, 2015, which speaks for itself, and that Mr. Johnson did not submit a reply.

50.  Denies for lack of knowledge, but affirmatively alleges that, if the "information then available" allegedly "review[ed]" by the Commission included unlawfully obtained and inadmissible information or summaries thereof, members of the Commission should have disqualified themselves and any subsequent vote was unlawful.

51.  Admits that the FEC sent Mr. Johnson a letter dated April 20, 2015, which speaks for itself, and denies that the FEC "endeavored to correct Johnson's [alleged] violations through informal methods of conference, conciliation, and persuasion, for a period of not less than 30 days."

52. Admits. Mr. Johnson did not waive any statute of limitations or related defenses that had already vested.

53. Denies for lack of knowledge, and denies that the lawsuit was filed at that time because the FEC was "unable to secure an acceptable conciliation agreement[.]"

54. Denies.

55. Incorporates by reference all responses to paragraphs 1-54.

56. Denies.

57. Incorporates by reference all responses to paragraphs 1-54.

58. Denies.

## NINTH DEFENSE

Each and every allegation of the FEC's complaint not specifically and explicitly admitted above is denied.

## TENTH DEFENSE

Much of the FEC's complaint is stated in language that is conclusory and not statutory, such as the term "straw buyer." Further, the complaint fails to set forth any factual allegations that would support injunctive or other equitable relief. For these and other reasons, most or all of the complaint fails to state a claim upon which relief may be granted.

## PRAYER FOR RELIEF

Mr. Johnson hereby prays for the following relief:

1. Dismissal of the complaint with prejudice;

2. An order requiring the FEC to return all illegally obtained evidence and to destroy all copies thereof;

3. An award of attorney fees, expenses, and taxable costs against Plaintiff to the extent allowed by law, including under the Equal Access to Justice Act and F.R.Civ.P. 54(d);

4. All other relief, equitable and otherwise, deemed appropriate by the Court.

DATED this 19th day of October, 2015.

        CHRISTENSEN & JENSEN, P.C.

        */s/ Karra J. Porter*
        Karra J. Porter
        Scott T. Evans
        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of October, 2015, I electronically filed with the Clerk of the Court of the foregoing **ANSWER TO COMPLAINT** by using the Court's CM/ECF system, which sent notification of such filing to the following:

>Daniel A. Petalas
>Acting General Counsel
>dpetalas@fec.gov
>
>Lisa J. Stevenson
>Deputy General Counsel – Law
>lstevenson@fec.gov
>
>Kevin Deeley
>Acting Associate General Counsel
>kdeeley@fec.gov
>
>Harry J. Summers
>Assistant General Counsel
>hsummers@fec.gov
>
>Kevin P. Hancock
>Attorney
>khancock@fec.gov
>
>*Attorneys for Plaintiff Federal Election Commission*

>>>>>>*/s/  Anne L. MacLeod, Secretary*