FILED
U.S. DISTRICT COURT

2016 FEB 23   ⊃ 3: 15

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FEDERAL ELECTION COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JEREMY JOHNSON,<br><br>Defendant. | ORDER ON MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS OR TO STRIKE AFFIRMATIVE DEFENSES<br><br><br><br>Case No. 2:15-cv-00439 |

Before the Court is Plaintiff, the Federal Election Commission's ("the FEC") Motion for Partial Judgment on the Pleadings or to Strike Affirmative Defenses. [Dkt.22]. The FEC and Defendant, Jeremy Johnson ("Johnson"), have fully briefed this motion. Based on the facts, law, and written arguments of the parties, the Court hereby grants in part and denies in part the motion.

In his Answer, Johnson alleges several affirmative defenses. [Dkt.17]. The FEC moves the Court to enter judgment on the pleadings or to strike each of the defenses alleging that they are legally insufficient. Each defense is discussed below.

1

## FAILURE TO CONCILIATE

Before the FEC may file a civil action against a party for allegedly violating the Federal Election Campaign Act ("FECA"), it is required to "attempt, for a period of at least 30 days, to correct or prevent such violation by informal methods of conference, conciliation, and persuasion, and to enter into a conciliation agreement with any person involved." 52 U.S.C. § 30109(a)(6)(A). To fulfill this duty, the FEC must: (1) inform the person about the specific allegation; and (2) try to engage the person in some form of discussion, whether written or oral, giving him an opportunity to remedy the alleged offense. *Mach Mining, LLC v. EEOC*, 135 S.Ct. 1645, 1649, 1655-56 (2015). An agency may show it has satisfied this requirement by providing a sworn affidavit "stating that it has performed the obligations" required even if "its efforts have failed." *Id.* at 1656.

Here, the pleadings and the unrebutted Declaration submitted by the FEC demonstrate that the FEC has satisfied the *Mach Mining* standard, fulfilling its duty to conciliate. The Declaration states that the FEC informed Johnson about the specific allegations against him on several occasions. [Dkt.22-2]. Johnson admits that the FEC notified him by letter dated April 20, 2015 of its finding that there was probable cause to believe he violated FECA. [Dkt.17 ¶51]. According to the Declaration, the FEC engaged with Johnson in written and oral discussions over a period of 44 days, giving him an opportunity to remedy the allegations against him. While in his Answer, Johnson generally denies the FEC attempted to conciliate, he does not dispute any of the specific assertions in the Declaration. Nor does he present any evidence to the contrary. The

Court GRANTS judgment on the pleadings of this defense in favor or the FEC.

## SELECTIVE PROSECUTION

Johnson asserts as an affirmative defense that he "is being selectively prosecuted in this lawsuit for improper purposes." The FEC argues that selective prosecution is not a defense on the merits, citing *United States v. Armstrong*, 517 U.S. 456, 463 (1996)("A selective-prosecution claim is not a defense on the merits . . . itself, but an independent assertion that the [government] has brought the charge for reasons forbidden by the Constitution."); *United States v. Leggett & Platt*, 542 F.2d 655, 658 (6th Cir. 1976)(the "purported defense of 'discriminatory enforcement is, as a matter of law, no defense"); *FEC v. Friends of Lane Evans*, 2:07-cv-4419 (C.D. Ill. 2009)(proof of selective enforcement does "not serve as a defense to the charges."). The Court agrees and GRANTS the FEC's motion to strike Johnson's sixth alleged defense.

## SEIZED FUNDS

Johnson asserts as an affirmative defense that this civil suit violates due process because Johnson is financially unable to "meaningfully defend himself." He contends that he cannot afford an attorney to represent him in this action because he cannot access funds which have been seized in a separate matter, the Federal Trade Commission's case against him pending in the District of Nevada. The FEC asks the Court to strike this defense because there is no right to counsel in a civil proceeding and any argument regarding seizure of Johnson's funds in other proceedings does not involve the FEC and has no bearing here. *Johnson v. Johnson*, 466 F.3d

1213, 1217 (10th Cir. 2006)(*per curiam*). The Court agrees and GRANTS the FEC's motion to strike Johnson's fourth alleged defense.

## FAILURE TO STATE A CLAIM

Johnson asserts as an affirmative defense that the FEC fails to state a claim upon which relief can be granted. The FEC moves to strike, arguing this is not an affirmative defense and is redundant. *Barnes v. AT&T*, 718 F.Supp.2d 1167, 1174 (N.D.Cal. 2010)("Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [plaintiff's] prima facie case" and "is more properly brought as a motion and not an affirmative defense.") *citing Boldstart Rechnical, LLC v. Home Depot, Inc.*, 517 F.Supp.2d 1283, 1292 (S.D.Fla.2007)("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore it is not properly asserted as an affirmative defense."); *Lemery v. Duroso*, No. 4:09cv00167 JCH, 2009 WL 1684692, at *3 (E.D.Mo. 2009). The Court agrees and GRANTS the FEC's motion to STRIKE Johnson's tenth alleged defense.

## STATUTE OF LIMITATIONS

Johnson asserts a statute of limitations defense. Pursuant to Federal Rule of Civil Procedure 8(c)(1), Johnson's statute of limitations must be raised in his responsive pleading. The Court DENIES the FEC's motion with regard to this defense.

## REMAINING AFFIRMATIVE DEFENSES

Johnson asserts as separate affirmative defenses: (a) that the Complaint is "based upon illegally obtained and inadmissible evidence:" (b) that the Complaint is based upon information that was subject to promises of immunity and confidentiality; (c) the FEC attorneys should be disqualified for allegedly viewing privileged documents; and (d) spoliation of evidence.

The FEC seeks an order striking these defenses on the grounds that: (1) there is no factual basis asserted for them; and/or (2) they are objections to the admissibility of evidence - not affirmative defenses, *see* 61A Am.Jr.2d *Pleading* § 301 (2015)("An affirmative defense which merely points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense at all."); *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988); *Ford Motor Co. v. Transport Indemnity Co.*, 795 F.2d 538, 546 (6th Cir. 1986); *Royal Caribbean Cruises, v. Jackson*, 921 F.Supp.2d 1366, 1372 (S.D.Fla., 2013). *See also, United States v. Bolden*, 353 F.3d 870, 878-79 (10th cir. 2003); *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 450 (4th Cir.2004)(spoliation of evidence is not a defense but a rule of evidence).

The Court agrees with the FEC's position. Johnson will have the opportunity to raise these evidentiary objections in the form of motions either for summary judgment or in limine. The Court GRANTS the FEC's motion to strike Johnson's First, Second, Third and Fifth affirmative defenses.

IT IS SO ORDERED.

DATED this **23d** day of February, 2016.

       *Dee Benson*
Dee Benson
United States District Judge