IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FEDERAL ELECTION COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JEREMY JOHNSON, et al.,<br><br>Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No. 2:15-cv-439<br>Judge Dee Benson |

Before the Court is Defendant John Swallow's Motion for Attorneys' Fees. (Dkt. 130.) The Motion has been fully briefed by the parties, and the Court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

1

Pursuant to the Equal Access to Justice Act ("EAJA"), Defendant John Swallow requests, that the Plaintiff, the Federal Election Commission, be ordered to pay him $91,921.00 for the fees incurred in connection with his successful motion to dismiss on the ground that the FEC's regulation upon which its case against Defendant Swallow was based was ultra vires.

The regulation in question (11 C.F.R. § 110.4(b)(1)(iii)) imposed civil liability upon any person who helped or assisted a candidate for office to violate the contribution limits on donations to the candidate. The Court found that the regulation had no basis in the statute it was attempting to enforce. *See* Federal Election Campaign Act (FECA), 52 U.S.C. §§ 30101-46. The statute is directed at: (1) a person who makes a contribution in the name of another; (2) a person who knowingly allows his name to be used by the contributor; and (3) a candidate who knowingly accepts such a contribution. The statute did not impose secondary liability on any person. Because the FEC's regulation went beyond the reach of the statute it was declared ultra vires and could not be used to bring a civil action against an alleged helper or assister such as Defendant Swallow.

The FEC resists the award of attorneys' fees to Defendant Swallow on the ground that its civil enforcement action against Defendant Swallow was substantially justified. While it is a close call, the Court is persuaded by the FEC's argument. In *Martinez v. Secretary of Health & Human Services*, 815 F.2d 1381 (10th Cir. 1987), the United States Court of Appeals for the Tenth Circuit stated that "if the governing law is unclear or in flux, it is more likely the government's position will be substantially justified." *Id.* at 1383.

The EAJA reads as follows:

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subjection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The Court finds that the history underlying the creation of the Commission's regulation in 1989 supports a finding of substantial justification. That history includes the middle district of Florida's decision in *Federal Election Commission v. Rodriguez,* 1988 U.S. Dist. LEXIS 19682 (M.D. Fla. Oct 28, 1988) (unpublished), where the court recognized secondary liability under the statute; (2) a number of uncontested penalties imposed by the Commission on persons who assisted others in violating the statute; and (3) the lack of any prior case law addressing agency civil enforcement of the regulation. A legal position can be substantially justified even if it is incorrect. *See Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011).

Under all of the circumstances, the FEC has met its burden of showing its case was substantially justified. In so finding, the Court does not intend to suggest that the FEC's regulation and its efforts to defend it, had any merit whatsoever. The statute says what it says, unambiguously, and the FEC had no authority to write and enforce a regulation that went beyond the statute.

Recognizing that there was no bad faith on the part of the FEC and that the regulation was clearly an effort by the FEC to follow its mandate from Congress to "make . . . such rules . .

. as are necessary to carry out the provisions of" FECA, 52 U.S.C. § 30107(a)(8), and to "formulate policy with respect to" the statute, 52 U.S.C. § 30106(b)(1), the Court will exercise its discretion in favor of the FEC and award no fees. Defendant Swallow's request is DENIED.

DATED this 19th day of April, 2019.

_____
Dee Benson
United States District Judge