# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

|  |  |
|---|---|
| FEDERAL ELECTION COMMISSION, ) | |
| ) | Case No. 2:15-cv-00439-DB |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **CONSENT JUDGMENT** |
| JEREMY JOHNSON, ) | |
| ) | |
| Defendant. ) | District Judge Dee Benson |

## CONSENT JUDGMENT BETWEEN PLAINTIFF FEDERAL ELECTION COMMISSION AND DEFENDANT JEREMY JOHNSON

Plaintiff Federal Election Commission ("FEC" or "Commission") filed this action for declaratory, injunctive, and other appropriate relief against defendant Jeremy Johnson. The Commission and defendant Johnson have stipulated to the Court's entry of this Consent Judgment based on the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1345, since it is an action brought by an agency of the United States expressly authorized to sue by an act of Congress. 52 U.S.C. §§ 30107(a)(6), 30109(a)(6)(A).

2. Venue is properly found in the United States District Court for the District of Utah pursuant to 28 U.S.C. § 1391(b) and 52 U.S.C. § 30109(a)(6)(A).

3. The Commission has satisfied all jurisdictional prerequisites to the initiation of this suit.

### THE PARTIES

4. Defendant Jeremy Johnson is a Utah resident who has conducted business in

Utah.  At all times relevant to this case, Johnson has owned or effectively controlled a company named Triple 7, an internet-marketing company named I Works, Inc. ("I Works"), and other businesses that processed transactions for online-poker companies.

**RELEVANT STATUTORY AND REGULATORY PROVISIONS**

5.      During the 2009-2010 election cycle, the Federal Election Campaign Act ("FECA" or the "Act"), 52 U.S.C. §§ 30101-46, prohibited any person from contributing in excess of $2,400 per election to any candidate for federal office and his or her authorized political committees.  52 U.S.C. § 30116(a)(1)(A); Price Index Increases for Contribution and Expenditure Limitations, 74 Fed. Reg. 7435-02, 7437 (Feb. 17, 2009).

6.      The Act further provides that "[n]o person shall make a contribution in the name of another person."  52 U.S.C. § 30122.  Section 30122 bars a person from soliciting others to contribute to a candidate for federal office in their own names and either advancing the money or promising to reimburse and in fact reimbursing those others for their contributions.  *United States v. O'Donnell*, 608 F.3d 546, 555 (9th Cir. 2010).

7.      The Act authorizes a United States district court to order a defendant who has knowingly and willfully contributed excessive amounts to a federal candidate in violation of 52 U.S.C. § 30116(a) to pay a civil penalty.  That civil penalty may not exceed the greater of $16,000 or 200% of the contributions involved in the violation.  *See* 52 U.S.C. § 30109(a)(6)(C); 11 C.F.R. § 111.24(a)(2)(i) (2010).

8.      The Act authorizes a United States district court to order a defendant who has knowingly and willfully made contributions in the name of another in violation of 52 U.S.C. § 30122 to pay a civil penalty.  That civil penalty may not be less than 300% of the contributions involved in the violation and may not be more than the greater of $60,000 or 1,000% of the

contributions involved in the violation.  52 U.S.C. § 30109(a)(6)(C); 11 C.F.R. § 111.24(a)(2)(ii)(2010).

9.      In addition to imposing civil penalties, FECA authorizes a United States district court to "grant a permanent or temporary injunction, restraining order, or other order" against any defendant who has violated the Act.  52 U.S.C. § 30109(a)(6)(B).

## FACTS SUPPORTING THE JUDGMENT

10.      The facts supporting the judgment are recited in paragraphs 2 through 20 of the Stipulation for Entry of Consent Judgment Between Plaintiff Federal Election Commission and Defendant Jeremy Johnson.  (*See* Docket No. 164 ("Stipulation").)

## COSTS, ATTORNEY'S FEES, AND OTHER EXPENSES

11.      The Commission and Johnson waive any and all claims for costs, attorney's fees, or other expenses related to or arising from the Commission's claims against Johnson in this litigation.

## APPEAL RIGHTS

12.      The Commission and Johnson waive all rights of appeal from this Consent Judgment.

**Plaintiff Federal Election Commission and defendant Jeremy Johnson having stipulated to the entry of this Consent Judgment, it is HEREBY ORDERED, ADJUDGED, AND DECREED that:**

1.      Johnson knowingly and willfully violated 52 U.S.C. § 30116(a)(1)(A) by contributing approximately $50,000 to Mike Lee's Senate campaign and about $20,000 to Majority Leader Harry Reid's Senate campaign during the 2009-2010 election cycle.

2.    Johnson knowingly and willfully violated 52 U.S.C. § 30122 by using straw donors to contribute approximately $50,000 to Mike Lee's Senate campaign and about $20,000 to Majority Leader Harry Reid's Senate campaign during the 2009-2010 election cycle.

3.    Because Johnson knowingly and willfully contributed $70,000 in violation of 52 U.S.C. § 30116(a) and knowingly and willfully contributed $70,000 in violation of 52 U.S.C. § 30122, the Act would have authorized the Court to impose a civil penalty against Johnson of up to $840,000. *See* 52 U.S.C. § 30109(a)(6)(C).  In recognition that Johnson owes the federal government millions of dollars in connection with other actions and is currently limited in his ability to earn a living, the Commission agrees to forego any civil monetary penalty.  If Johnson's financial condition on the day he signs the Stipulation is not as represented, a total civil penalty of $270,000 will be immediately due.

4.    Johnson is permanently enjoined from violating 52 U.S.C. § 30116(a)(1)(A).

5.    Johnson is permanently enjoined from violating 52 U.S.C. § 30122.

6.    The Commission and Johnson shall bear their own costs and attorney's fees with regard to the Commission's claims against Johnson in this litigation.

7.    This Court shall retain jurisdiction of this action, and of any ancillary or supplemental actions thereto, in order to, among other things, implement and carry out the terms of all orders, judgments, and decrees that may be entered herein, including any that may be necessary to assure compliance with this Consent Judgment.

SO ORDERED this 19th day of August 2020.

 

 

Hon. Dee Benson
United States District Judge